Stephen Ray FLORA, Appellant,

v.

Sandra K. FLORA, Appellee.

Sandra K. FLORA, Cross-Appellant,

v.

Stephen Ray FLORA, Cross-Appellee.

Court of Appeals of Kentucky.

April 11, 1986.

C.D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant/cross-appellee.

Edward Faye, Faye, Poole & Kimbel, Bowling Green, David F. Broderick, Cole, Harned & Broderick, Bowling Green, for appellee/cross-appellant.

Before COMBS, DUNN and HOWARD, JJ.

COMBS, Judge.

This is an appeal and cross-appeal from a judgment of the Warren Circuit Court, assessing child support payments of $300.00 per month against appellant and awarding appellant and appellee/cross-appellant joint custody of their three minor children.

Stephen Ray Flora and Sandra K. Flora married on December 1, 1972 and separated on January 26, 1984. In the divorce proceeding, the Warren Circuit Court conducted lengthy hearings and held a post-trial conference prior to entering the decree of dissolution. The court awarded Stephen and Sandra joint custody of their three children. The decree provided that the children would live with each parent for alternating yearly periods beginning on August 1 of each year to minimize difficulty in changing school districts. The court also awarded Sandra $300.00 per month child-support with an automatic ten percent biennial increase.

We will consider the cross-appeal first. Sandra submits that the lower court erred in granting the parties joint custody of their children because joint custody will bounce the children back and forth and prevent their adjusting to home and school. Sandra also argues that this court should not permit Stephen to assume custody of his children for any extended period of time, relying on evidence of record as to Stephen's emotional instability.

■ We have carefully reviewed the record and cannot say that the trial court clearly erred in its custody determination. Although the breakup of his marriage clearly traumatized Stephen, the record does not suggest that he is not capable of parenting his children. In fact, both Stephen and Sandra appear to have close family ties in the area, a circumstance the lower court relied on in awarding the parties joint custody of the children. We note that the trial court has great discretion in deciding custody matters and that its decision is structured to minimize the children's school-related problems. For these reasons, we affirm the joint custody award.

■ On direct appeal, Stephen argues that the child support award is excessive and that the lower court erred in granting Sandra automatic increases. We must agree. The record contains no evidence that either party requested or discussed a built-in increase in child support payments. The increase first appears in the lower court's decree of dissolution. Such an increase may be a negotiated part of a property settlement agreement but it is improper for the court to award a built-in increase in child support payments absent agreement by the parties. *See McGowan v. McGowan,* Ky.App., 663 S.W.2d 219 (1983).

The lower court awarded Sandra $300.00 per month child support based on its finding that her pre-divorce earnings averaged $7,802.00 as compared to Stephen's earnings of $20,682.00. Furthermore, the $300.00 payment did not diminish or end during the alternate years Stephen had custody of the children.

■ In our opinion, the trial court's finding that "[Stephen] has about three times greater income than [Sandra]" is not supported by the record. The undisputed evidence shows that Stephen left his higher-paying job, due to stress at the breakdown of his marriage, and that he is now earning $187.00 per week compared to Sandra's take-home pay of $150.00 per week. Nothing in the record suggests Stephen's income will ever return to its pre-divorce level. The trial court clearly erred in con-

cluding that Stephen's income was three times greater than Sandra's and in calculating a child support award based on that amount.

The judgment of the Warren Circuit Court is reversed and remanded for further consistent proceedings on the direct appeal and affirmed on the cross-appeal.

All concur.